```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS F. CORBETT, as
Trustees and Fiduciaries of the
International Brotherhood of Teamsters
Local 282 Pension Trust Fund,                   MEMORANDUM & ORDER
                                                14-CV-1110(JS)(ARL)
                    Plaintiffs,

        -against-

BESTECH TRANSPORT, LLC,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Gina Elyse Nicotera, Esq.
                    Jonathan Michael Bardavid, Esq.
                    Trivella & Forte, LLP
                    1311 Mamaroneck Avenue, Suite 170
                    White Plains, NY 10605

For Defendant:      No appearances.
```

SEYBERT, District Judge:

Pending before the Court is (1) Plaintiffs' motion for default judgment (Docket Entry 10); and (2) Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant the motion for default judgment (Docket Entry 21). For the following reasons, the Court ADOPTS the R&R in its entirety.

BACKGROUND

Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and Fiduciaries of the International Brotherhood of Teamsters Local 282 Pension Trust Fund (collectively, "Plaintiffs") commenced this action on February 20, 2014 against defendant Bestech Transport, LLC ("Defendant"), seeking withdrawal liability and attendant damages under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA"). On March 17, 2014, Plaintiffs filed an affidavit of service, affirming the Summons and Complaint were served on Defendant on March 3, 2014. (Docket Entry 5.) Defendant did not answer or otherwise respond to the Complaint, and Plaintiffs requested a Certificate of Default on June 6, 2014. (Docket Entry 6.) The Clerk of the Court certified Defendant's default on June 9, 2014. (Docket Entry 8.) On July 7, 2014, Plaintiffs moved for a default judgment. (Docket Entry 10.)

On July 9, 2014, the undersigned referred Plaintiffs' motion to Magistrate Judge Arlene R. Lindsay for a report and recommendation as to "whether the pending motion should be granted and, if necessary, to determine the appropriate amount

of damages, costs, and/or fees to be awarded." (Docket Entry 16.)

On February 10, 2015, Judge Lindsay issued her R&R. (Docket Entry 21.) The R&R recommends that the Court grant default judgment and award Plaintiffs $39,381.74 in damages, attorneys' fees, and costs as follows: (1) $23,873.000 in withdrawal liability; (2) $5,896.39 in interest through June 17, 2014, plus additional interest at a daily rate of $11.77 per day from that date through the date judgment is entered; (3) $5,896.39 in liquidate damages; (3) $3,175.50 in attorneys' fees; and (4) $540.46 in costs. (R&R at 1.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

<u>CONCLUSION</u>

Judge Lindsay's R&R (Docket Entry 21) is ADOPTED in its entirety and Plaintiffs' motion for a default judgment (Docket Entry 10) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Plaintiffs and against Defendant as follows: (1) $23,873.000 in withdrawal liability; (2) $5,896.39 in interest through June 17, 2014, plus additional interest at a daily rate of $11.77 per day from that date through the date judgment is entered; (3) $5,896.39 in liquidate damages; (3) $3,175.50 in attorneys' fees; and (4) $540.46 in costs. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March __18__, 2015
       Central Islip, NY