```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS F. CORBETT,
as Trustees and fiduciaries of the          ORDER
International Brotherhood of Teamsters      14-CV-1110 (JS)(ARL)
Local 282 Pension Trust Fund,

                    Plaintiffs,

        -against-

BESTECH TRANSPORT LLC,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Gina Elyse Nicotera, Esq.
                    Jonathan Michael Bardavid, Esq.
                    Trivella & Forte LLP
                    1311 Mamaroneck Ave., Suite 170
                    White Plains, NY 10605

For Defendant:      No appearance
```

SEYBERT, District Judge:

Presently pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated November 3, 2016 ("R&R," Docket Entry 33), addressing Plaintiffs' unopposed letter motion dated October 25, 2016 ("Pls.' Ltr. Mot., Docket Entry 31). Plaintiffs allege that non-party Shirley Express, LLC ("Shirley Express") has failed to comply with Judge Lindsay's Order dated March 4, 2016, which directed Shirley Express to provide documents responsive to Plaintiffs' outstanding post-judgment

discovery requests and to produce a representative for a deposition prior to March 31, 2016 (the "March Order"). (Pls.' Ltr. Mot.; see also Mar. Order, Docket Entry 27, at 1.) Plaintiffs request that Judge Lindsay recommend that the District Court direct Shirley Express to show cause why it should not be adjudged in contempt for its failure to comply with the March Order. (Pls.' Ltr. Mot. at 1-2.) Judge Lindsay's R&R certifies the facts constituting Shirley Express' civil contempt and recommends that the District Court issue an Order requiring Shirley Express to appear on a date certain to show cause why it should not be held in contempt.[1] (R&R at 1, 3-4.)

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed

---

[1] The Clerk of the Court is directed to mark Plaintiffs' letter motion (Docket Entry 31) as GRANTED based on Judge Lindsay's recommendation that the District Court direct Shirley Express to show cause as to why it should not be held in contempt.

2

to have been waived.  Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Lindsay's R&R (Docket Entry 33) in its entirety.  The Clerk of the Court is directed to mark Plaintiffs' motion (Docket Entry 31) as GRANTED.

A representative of Shirley Express LLC is directed to appear before this Court on May 12, 2017, at 2:30p.m., and show cause why it should not be held in contempt and penalized appropriately.  Plaintiffs are directed to serve a copy of this Order on Shirley Express, LLC and defendant Bestech Transportation, LLC, and file proof of service on ECF on or before April 12, 2017.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   April __11__, 2017
         Central Islip, New York