UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GESUALDI, et al.,

                      Plaintiffs,                **REPORT AND**
                                                              **RECOMMENDATION**
     -against-                             CV 14-1110 (JS) (ARL)

BESTECH TRANSPORT, LLC.,

                      Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court is the motion of the plaintiffs, Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas Corbett as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, to hold non-party, Martha Mancheno, in contempt for failing to comply with this Court's order dated May 15, 2018, which required her to appear for a deposition. The purpose of this Report is to certify the facts giving rise to the contempt and to recommend that an Order be issued by the District Judge requiring Ms. Mancheno to appear on a date certain to show cause as to why she should not be adjudged in contempt for failure to comply with the above-mentioned order.

## BACKGROUND

      On February 20, 2014, the trustees and fiduciaries of the Local 282 Pension Trust Fund commenced this action against the defendant, Bestech Transport LLC ("Bestech"), for violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1145 and §1132(a), et seq., and the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Specifically, the complaint alleged that Bestech defaulted on the payment of withdrawal liability. On March 25, 2015, a default judgment was entered against Bestech for the full amount of withdrawal liability, plus interest, liquidated damages, attorney's fees and costs. See ECF No. 24. In an attempt to

collect the judgment and to determine whether nonparty Shirley Express LLC ("Shirley") could be held jointly and severally liable with Bestech, counsel for the plaintiffs issued a subpoena to Shirley dated December 9, 2015. In June 2017, over a year later, Shirley finally appeared through its representative Brayan Velarde. However, Mr. Velarde was unable to answer questions and identified Martha Mancheno as the individual who had knowledge regarding the interrelationship between Bestech and Shirley.

On November 8, 2017, the plaintiffs served Ms. Mancheno with a subpoena directing her to appear for a deposition on November 17, 2017. Upon receipt, a representative of Shirley contacted plaintiffs' counsel to advise that Ms. Mancheno was out of the country and that someone would contact counsel to reschedule. However, by May 2018, no one from Shirley had done so. On April 27, 2018, the plaintiffs moved to compel Ms. Mancheno to appear for the subpoenaed deposition. Despite service of the motion on Shirley Express, neither Mancheno or any other representative from Shirley responded to the application. Accordingly, by order dated May 15, 2018, the undersigned granted the motion to compel and directed Ms. Mancheno to contact plaintiffs' counsel to arrange a date for her deposition.

The plaintiffs were directed to serve a copy of the May 15, 2018 order on the defendant and Ms. Mancheno and to file proof of service with the Court. As directed, the plaintiffs served the defendant Bestech with a copy of the Court's order by UPS Next Day Air. ECF No. 41. Ms. Mancheno was also served with a copy of the order by service on both a representative at Shirley Express, LLC with a follow-up mailing to Shirley's business address as well as by personal service at her residence. ECF Nos. 42 and 43.

## DISCUSSION

United States Magistrate Judges have limited civil contempt authority. Indeed, under 28

U.S.C. § 636(e), a United States Magistrate Judge is required to certify the facts constituting civil contempt to the District Judge, unless the case is one in which the Magistrate Judge presides with the consent of the parties under 28 U.S.C. § 636(c), or it is a misdemeanor case proceeding under 18 U.S.C. § 3401.  28 U.S.C. § 636(e).  In this regard, "the magistrate judge functions only to certify the facts and not to issue an order of contempt."  *Trs. of Empire State Carpenters Annuity v. Duncan & Son Carpentry, Inc.,* No. 14-CV-2894, 2015 WL 3935760, at *3 (E.D.N.Y. June 26, 2015) (citation and internal quotation marks omitted).  In certifying the facts, "the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima face case of contempt." *Id.* (citation and internal quotation marks omitted).  Here, the plaintiffs have produced sufficient evidence to warrant a finding of contempt.

"'Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure,'" and "[i]t is fundamental that the Federal Rules authorize the [use of] familiar discovery devices" in this regard.  *Id.* *2 (quoting *Ferrara v. Metro D Excavation & Found., Inc*., 10-CV-4215, 2012 U.S. Dist. LEXIS 22443, at *1 (E.D.N.Y. Feb. 22, 2012)).  Specifically, "Federal Rule of Civil Procedure . . . 69 provides that '[i]n the aid of judgment or execution, the judgment creditor . . . may obtain discovery from any person-including the judgment debtor as provided in these rules or by the procedure of the state where the court is located.'" *Id*. (citing Fed. R. Civ. P. 69(a)(2)).  Moreover, a party may be held in civil contempt where: "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *Sportco, Inc. v. TRT Tactical, LLC,* No. 14-CV-6044 JG GRB, 2015 WL 3915618, at *2 (E.D.N.Y. June 25, 2015).

In this matter, the Court's order clearly stated that Ms. Mancheno was required to appear

3

for a deposition. According to plaintiffs' counsel, despite service of the order, Ms. Mancheno has made no effort to comply with the Rule 45 subpoena or schedule a deposition. Given these facts and findings, the undersigned recommends that Ms. Mancheno be required to appear on a date certain to show cause as to why it should not be adjudged in civil contempt for failure to respond to the post-judgment discovery demand and this Court's May 15, 2018 orders requiring compliance.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Counsel is directed to personally serve the defendant, Shirley Express and Ms. Mancheno with a copy of the Order and to file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6 (a) and 6 (d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
        March 25, 2019

                                                      _____/s/_____

                                            ARLENE ROSARIO LINDSAY
                                            United States Magistrate Judge