```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS GESUALDI; LOUIS BISIGNANO;
ANTHONY D'AQUILA; MICHAEL O'TOOLE;
BENNY UMBRA; JOSEPH A. FERRARA,
SR.; FRANK H. FINKEL; MARC HERBST;
DENISE RICHARDSON; and THOMAS F.
CORBETT,   as   Trustees   and
fiduciaries of the International
Brotherhood of Teamsters Local 282
Pension Trust Fund,

                 Plaintiffs,

         -against-                              MEMORANDUM & ORDER
                                                14-CV-1110(JS)(ARL)
BESTECH TRANSPORT, LLC,

                 Defendant.
----------------------------------X
```

Appearances:

For Plaintiffs:            Arthur J. Muller, III, Esq.
                           Trivella & Forte LLP
                           1311 Mamaroneck Avenue
                           White Plains, New York  10605

For Non-Party
Martha Mancheno:           Scott S. Markowitz, Esq.
                           Tarter, Krinsky & Drogin
                           1350 Broadway
                           New York, New York  10018

**SEYBERT, District Judge:**

Presently before the Court is Plaintiffs' renewed request for attorneys' fees and costs incurred as a result of their multi-year efforts to have non-party Martha Mancheno ("Mancheno") attend a deposition in compliance with a Rule 45 subpoena (hereafter, the "Fee Application"). (See ECF No. 76.) Mancheno has not responded to the Fee Application. (See Case Docket, in

toto.)  For the reasons that follow, the Fee Application is GRANTED to the extent that Plaintiffs are awarded $6,131.75 in attorneys' fees and $39.25 in costs.

## BACKGROUND

The Court presumes the parties' familiarity with the relevant history giving rise the Fee Application.  (See, e.g., Jan. 8, 2021 Order to Show Cause ("OSC"), ECF No. 70.)  In sum, Plaintiffs sought post-judgment discovery in an effort to collect on their judgment, including issuing a Rule 45 subpoena upon Mancheno.  However, Mancheno failed to appear for her deposition.  Thereafter, Plaintiffs moved to compel Mancheno's appearance, which motion the Magistrate Judge granted.  (See Compel Order, ECF No. 40.)  When Mancheno failed to comply with the Compel Order, Plaintiffs then sought to hold Mancheno in contempt (see Contempt Motion, ECF No. 44), which led to extensive and protracted efforts to secure that result.  (See, e.g., OSC; see generally Case Docket.)  Ultimately, on January 27, 2021, Mancheno appeared at a show cause hearing during which she agreed to sit for a deposition on January 29, 2021, which occurred.  (See Min. Entry, ECF No. 74; Status Report, ECF No. 75.)

Of relevance here, since at least October 18, 2019, Mancheno was on notice that she may be subject to sanctions for failing to appear for her deposition.  (See Oct. 18, 2019 Elec. Order Adopting R&R; see also Nov. 7, 2019 OSC, ECF No. 56, at 2

2

("[T]he Court may impose sanctions, including but not limited to monetary fines for every day that [Mancheno] fails to comply with the Rule 45 Subpoena and the Court's Orders[,] as well as for attorneys' fees and costs.").) Moreover, the record establishes that Plaintiffs have always sought attorneys' fees and costs they incurred because of Mancheno's noncompliance with Court orders. (See, e.g., Jan. 20, 2020 Status Report, ECF No. 62; see also Dec. 14, 2020 Status Report, ECF No. 69 (requesting the rescheduling of an earlier contempt hearing "with leave for Plaintiffs to file supplemental documentation related to their claims for attorneys' fees and costs").) In their final Status Report, informing the Court that Mancheno finally complied with the Court's orders to appear for her deposition, Plaintiffs further stated they:

> seek to be made whole for the attorneys' fees and costs incurred due to Ms. Mancheno's continued non-compliance with the [Court's numerous] directives -- not complied with until last week.  Same resulted in Plaintiffs' [sic] incurring nearly $8,000.00 in attorneys' fees from the drafting of the initial motion to compel, and just over $5,000.00 in service fees to comply [with] the mandates of the Local Rules and Your Honor's Orders.

(Feb. 4, 2021 Status Report, ECF No. 75, at 2 (noting that these fees did not include expenses related to Mancheno's deposition itself).) After subsequent efforts to resolve the attorneys' fees and costs issue proved unsuccessful (id. at 3), the instant Fee

3

Application followed four months later; as stated supra, Mancheno did not respond to it.

## DISCUSSION

I. Attorneys' Fees

   A. Applicable Standard

As a general matter, when determining attorney's fees, the "starting point" for calculating a "presumptively reasonable fee" is "the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a 'presumptively reasonable fee.'") (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court has held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Perdue v. Kenny A., 559 U.S. 542, 551 (2010) (emphasis in original). "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" Id. at 553 (citation omitted); see also Arbor Hill, 522 F.3d at 190-91 (holding that a court determines a

4

"presumptively reasonable fee" by considering case-specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. "District courts have broad discretion to determine both the reasonable number of compensable hours and the reasonable hourly rate." Gesualdi v. Dove Mason Supply Co., Inc., No. 19-CV-1181, 2020 WL 1538746, at *5 (E.D.N.Y. Mar. 11, 2020) (quoting Brady v. Wal-Mart Stores, Inc., 455 F. Supp. 2d 157, 203 (E.D.N.Y. 2006)), report and recommendation adopted, 2020 WL 1536408 (E.D.N.Y. Mar. 30, 2020). "The party applying for fees must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates." Id. (citing Riley v. City of N.Y., No. 10-CV-2513, 2015 WL 9592518, at *1-2 (E.D.N.Y. Dec. 31, 2015)).

The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits." Polk v. N.Y.S. Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983); see also Div. 1181 Amalgamated Transit Union—

5

N.Y. Emps. Pension Fund v. D & A Bus Co., 270 F. Supp. 3d 593, 617–18 (E.D.N.Y. 2017) ("To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits."). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney who worked on the action, see Scott v. City of N.Y., 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." Perdue, 559 U.S. at 552 (internal quotation marks omitted).

Courts in this district typically award hourly rates ranging from $300 to $450 per hour for partners in ERISA cases. See, e.g., Gesualdi v. Burtis Constr. Co., No. 20-CV-4864, 2021 U.S. Dist. LEXIS 246876 (E.D.N.Y. Dec. 28, 2021) (reducing rates of partner Christopher Smith and paralegal Michelle Salerno to $400 and $100, respectively); Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers , Loc. 15, 15A, 15C & 15D, AFL-CIO v. Genrus Corp., No. 20-CV-4980, 2021 WL 4755704, at *5 (E.D.N.Y. Aug. 16, 2021)

6

(recommending hourly rate of $390 for partner with more than 25 years' experience in ERISA field of law), report and recommendation adopted sub nom., Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Genrus Corp., 2021 WL 3928952 (E.D.N.Y. Sept. 2, 2021). Further, "[a]ttorneys' fees in an ERISA matter were recently awarded in this District at the hourly rate of . . . $375 for senior associates, $275 for junior associates, and $110 for paralegals." Dove Mason, 2020 WL 1538746, *6 (also reiterating that partners "in an ERISA matter were recently awarded in this District at the hourly rate of $400"); see also Trustees of Local 813 Pension Tr. Fund v. Rizzo Envt'l Servs. Corp., No. 19-CV-6622, 2020 WL 7249289, at *7-8 (E.D.N.Y. Oct. 31, 2020) (finding to be standard in the E.D.N.Y.: $400 hourly rate for partner with more than 10 years' ERISA experience; $325 hourly rate for senior associate with more than nine years' ERISA experience; and $200 and $300 hourly rates, respectively, for staff associates with two years' ERISA experience; recommending such rates; and, collecting cases), report and recommendation adopted, 2020 WL 7021595 (E.D.N.Y. Nov. 30, 2020); Finkel v. Firequench, Inc., No. 20-CV-0010, 2020 WL 1323017, at *2 (E.D.N.Y. Mar. 20, 2020) (finding the rates of $275 per hour for associate-level work, $350 per hour for partner-level work, and $120 per hour for paralegal work "firmly within the range of approved rates for ERISA

7

collection work in this district"); <u>Local 1922 Pension Fund v. Broadway Elec. Supply, Co.</u>, No. 19-CV-2344, 2020 WL 1931635, at *13 (E.D.N.Y. Mar. 18, 2020) (recommending that hourly rate of senior associate with more than eight years' ERISA experience be reduced from $350 to $300 because rate exceeded high end of standard range for senior associates), <u>report and recommendation adopted</u>, Elec. Order (E.D.N.Y. May 4, 2020).

B.  <u>Application</u>

In support of their Fee Application, Plaintiffs did not submit a supporting declaration but did provide contemporaneous billing records. (<u>See</u> Ex. 1, ECF No. 76-1.) Plaintiffs summarily state:

> <u>As to Attorney Muller</u>, who seeks an hourly rate of $410,[1] he is a "Senior Associate, 2015 magna sum laude graduate of Pace University School of Law, 6+ years of experience in this field";
>
> <u>As to Attorney Bardavid</u>, who seeks an hourly rate of $415, he is a "Former Senior Associate, 2003 graduate of St. John's University School of Law, engaged in labor and employment practice since 2004";
>
> <u>As to Paralegal Salerno</u>, who seeks an hourly rate of $120, she is a "Senior Paralegal, degree in paralegal studies from St. John's University, over twenty years of litigation

---

[1] Attorney Muller also seeks to be awarded at an hourly rate of $305 for one-tenth of a billable hour. Because this hourly rate for a fractional charge (a) is less than the hourly rate the Court will award here and (b) is slightly above the general range for senior associates, <u>see</u> <u>infra</u>, the Court will award it without further discussion.

8

> experience, over ten of which is in the ERISA litigation field"; and
>
> As to Paralegal Chiarolanza, who also seeks an hourly rate of $120, she is a "Paralegal/Legal Secretary, over ten years of experience."

(Fee Application at 3.) Plaintiffs further baldly rely upon this Court's prior awards to counsel and support staff in two other cases. (See Fee Application at 3 (citing Gesualdi v. Tadco Constr. Corp., No. 19-CV-5606, 2021 WL 260564, at *4 (E.D.N.Y. Jan. 5, 2021), report and recommendation adopted, 2021 WL 260094 (E.D.N.Y. Jan. 26, 2021); Gesualdi v. Nastasi & Assocs., Inc., No. 19-CV-2077, 2021 WL 966326, at *2 (E.D.N.Y. Feb. 11, 2021), report and recommendation adopted, 2021 WL 1115606 (E.D.N.Y. Mar. 24, 2021).) The Court is unpersuaded.

It is Plaintiffs' burden to "offer evidence to the Court in addition to the attorney's own affidavits why its requested fee is appropriate." LV v. N.Y. City Dep't of Educ., 700 F. Supp. 2d 510, 521 (S.D.N.Y. 2010); see also Flores v. Mamma Lombardi's of Holbrook, Inc., 104 F. Supp. 3d 290, 305 (E.D.N.Y. 2015) ("biographical information concerning the attorneys for whom charges were submitted [ ] is required to evaluate experience levels"); cf. Pilitz v. Inc. Vill. of Freeport, No. 07-CV-4078, 2011 WL 5825138, at *5 (E.D.N.Y. Nov. 17, 2011) ("Where, as here, the moving party fails to provide any biographical information to support the reasonableness of the rates, the court may use its

9

discretion to award fees at a lower rate than requested."). "In light of the cursory nature of the information provided concerning each attorney's [and each paralegal's] background and experience '[t]he Court . . . will [primarily] rely on the decisional law and its own experience in assessing the reasonableness of [Plaintiffs'] requested rates.'" D & A Bus, 270 F. Supp. 3d at 622 (quoting LV, 700 F. Supp. 2d at 521) (first brackets added; last brackets modified).

As an initial matter, to the extent Plaintiffs rely upon this Court's awards in Tadco, 2021 WL 260564, and Nastasi, 2021 WL 966326, to support their requested hourly rates here, that reliance is unavailing. The awarded rates are clearly outliers and above the rates that are generally awarded in the ERISA default judgment context.[2] Rather, as discussed supra, it is well-established in this District that a reasonable hourly rate for a senior associate in an ERISA case ranges from $200 to $300. That said, the Court is cognizant that this Fee Application is not made in conjunction

---

[2] In retrospect, when adopting the Magistrate Judge's reports and recommendations in those ERISA default judgment cases, the Court should have modified the attorneys' fee awards, at least by reducing the hourly rate awarded to Attorney Muller, designated a senior associate, from $410 -- a rate that is deemed high even for partners -- to a rate in the range of $200 to $300, the general range for senior associates. Indeed, in order to account for the relative simplicity of ERISA default judgment cases, courts in this District often approve rates that are closer to the lower end of this range. See, e.g., Gesualdi v. Seacoast Petroleum Prod., Inc., 97 F. Supp. 3d 87, 104 (E.D.N.Y. 2015) (citations omitted).

10

with a default judgment motion but a motion for contempt after extensive and protracted efforts by Plaintiffs to have Mancheno appear for a deposition. Yet, while Plaintiffs' efforts in pursuing the Contempt Motion spanned several years and were likely tedious, such a matter is not complex in nature. Hence, considering these factors, in this instance the Court finds a reasonable hourly rate for Attorney Muller, designated a senior associate,[3] to be $325, and for Attorney Bardavid, a senior associate (with ten more years' ERISA experience than Muller) to be $375, which rates are above the general range for senior associates in this District. Cf. Dove Mason, 2020 WL 1538746, at *6 (recommending Attorney Muller be awarded a junior associate level hourly rate of $275 for his work on an ERISA default judgment case, and noting that senior associates have been awarded an hourly rate of $375), report and recommendation adopted, 2020 WL 1536408. Similarly, because of the non-complex nature of the underlying subject matter, and finding no persuasive reason to award hourly fees at the high end of the paralegal range, the Court finds a

---

[3] "[A]s is clear from case law, in the context of attorney's fees awards, one's title is not the dispositive inquiry; rather, it is one's experience, i.e., skill and expertise, that weighs in favor of awarding a requested hourly rate." Rudler v. Houslanger & Assocs., PLLC, No. 18-CV-7068, 2020 WL 473619, at *5 (E.D.N.Y. Jan. 29, 2020) (citing Jara v. P.N. Fin., Inc., No. 10-CV-6274, 2014 WL 4388515, at *6 (S.D.N.Y. Sept. 4, 2014) ("In determining reasonable hourly rates, a court should first examine the attorney's experience.")).

reasonable hourly rate for Plaintiffs' Paralegals to be $110. See id. (recommending an hourly award of $110 for Paralegal Salerno and an hourly award of $90 for Paralegal Chiarolanza, for whom Plaintiffs "provided no information regarding [her] credentials or experience").

"The next step in awarding attorney's fees is determining the reasonableness of the hours expended by counsel." Rizzo, 2020 WL 7249289, at *8 (citing Irving v. G. & G. Instrument Corp., No. 19-CV-1597, 2020 WL 1536325, at *5 (E.D.N.Y. Mar. 31, 2020); LaBarbera v. Empire State Trucking, Inc., No. 07-CV-0669, 2008 WL 746490, at *4-5 (E.D.N.Y. Feb. 26, 2007)). "In reviewing a fee application, the court should exclude 'excessive, redundant or otherwise unnecessary hours.'" Id. (quoting Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009)).

Having reviewed the Plaintiffs' contemporaneous billing records, the Court gleans the following hours expended by the following personnel:[4]

| Personnel | Hourly Rate | Number of Hours | Totals |
|---|---|---|---|
| Bardavid | $415/hr. | 2.45 | $1,016.75 |
| Muller | $305/hr. | 0.10 | $ 30.50 |

---

[4] Since Plaintiffs did not provide a summary of the number of hours each person billed, the Court found it necessary to comb through the submitted contemporaneous billing records to create this compilation. Best practices would be to provide such a summation to assist the Court in its reasonableness assessment.

12

| | | | |
|---|---|---|---|
| Muller | $410/hr. | 14.00 | $5,740.00 |
| Paralegals[5] | $120/hr. | 5.75 | $  690.00 |
| | | **GRAND TOTAL:** | **$7,477.25**[6] |

Given the Court's familiarity with this case and its careful review of the billable hours charged, it finds that the hours expended by Attorneys Bardavid and Muller were not excessive, redundant or otherwise unnecessary. The same is true for the Paralegals' billable hours. Accordingly, the reasonable attorneys' fees to be awarded are:

| Personnel | Hourly Rate | Number of Hours | Totals |
|---|---|---|---|
| Bardavid | $375/hr. | 2.45 | $  918.75 |
| Muller | $305/hr. | 0.10 | $   30.50 |
| Muller | $325/hr. | 14.00 | $4,550.00 |
| Paralegals | $110/hr. | 5.75 | $  632.50 |
| | | **GRAND TOTAL:** | **$6,131.75** |

---

[5]  Because the Court has determined to award Paralegals Salerno and Chiarolanza the same hourly rate, it considers their billed hours in the aggregate.

[6]  The Court has reduced the requested $7,783.25 by $306.00, which is comprised of: (1) a $72.00 charge and a $144 charge by "Timer 18", both made on November 7, 2019; and (2) a $90.00 charge by "Timer 2" made on January 30, 2020. Neither "Timer" is identified in the Fee Application.

13

II. Costs

   A. Applicable Standard

"The party seeking to recover costs 'bears the burden of adequately documenting and itemizing the costs requested.'" Datiz v. Int'l Recovery Assocs., Inc., No. 15-CV-3549, 2020 WL 5899881, at *14 (E.D.N.Y. Mar. 12, 2020) (quoting Ganci v. U.S. Limousine Serv. Ltd., No. 10-CV-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (citation omitted)), report and recommendation adopted as modified, 2020 WL 3790348 (E.D.N.Y. July 7, 2020) (modification unrelated to denial of costs); D & A Bus, 270 F. Supp. 3d at 628 ("[I]t is incumbent upon the party seeking reimbursement of its costs to provide the court adequate substantiation in the form of receipts and other documents not only showing such costs were incurred, but that they were paid," and collecting cases for the proposition). "In the absence of adequate substantiation, a party is not entitled to recover costs." Id. (citing Douyon v. N.Y. Med. Health Care, P.C., 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (declining to award costs due to an absence of documentation); Joe Hand Promotions, Inc. v. Elmore, No. 11-CV-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (same)).

   B.   Application

Plaintiffs also seek an award of costs in the amount of $5,256.65, comprising of: (1) eight invoices from "Serving by Irving" totaling $5,217.00 (hereafter, the "Serving Service

14

Costs"); and (2) three charges for "UPS Next Day Air" to Mancheno totaling $39.65 (hereafter, the "UPS Costs"). "Although [Plaintiffs'] costs appear as line items in the Time Records, [they] ha[ve] not provided invoices or documentation substantiating these costs." Rosen v. LJ Ross Assocs., Inc., No. 19-CV-5516, 2022 WL 493728, at *8 (E.D.N.Y. Jan. 24, 2022) (citing Local Civil Rule 54.1 ("The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated[,] and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits.")). In the absence of such documentation, especially as to the Serving Service Costs, which are substantial, the Court is stymied in determining whether the claimed costs are correctly stated, necessarily incurred, and/or reasonable. Accordingly, the Court declines to award Plaintiffs the Serving Service Costs. However, in its discretion, the Court will award the UPS Costs. Cf., e.g., Div. 1181 Amalgamated Transit Union—N.Y. Emps. Pension Fund v. B & M Escorts, Inc., No. 16-CV-2498, slip op. at 13, ECF No. 101 (E.D.N.Y. Mar. 7, 2019) ("Similar to Magistrate Judge Tomlinson's recommendation to award postal costs claimed, notwithstanding vague substantiation, while no backup receipts were provided here, claimants generally request the actual costs of what carriers charge them. Thus, Plaintiffs will be awarded . . . their . . . courier costs." (citing D & B Bus, 270 F. Supp.3d at 630)).

15

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Fee Application (ECF No. 76) is Granted in part and DENIED in part, with Plaintiff being awarded:

    I.    **$6,131.75** in attorneys' fees; and

    II.   **$39.65** in costs.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March  23 , 2022
            Central Islip, New York